IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLA HILL                                                                                                    PLAINTIFF
*On Behalf Of*
A MINOR CHILD, J.R.H.

vs.                                               Civil No. 1:11-cv-01061

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Carla Hill ("Plaintiff") brings this action on behalf of a minor child, J.R.H., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") on behalf of J.R.H. under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on behalf of J.R.H. on July 22, 2009.  (Tr. 108-110). Plaintiff alleges J.R.H. was disabled due to attentive deficit hyperactivity disorder ("ADHD") and learning problems.  (Tr. 119). Plaintiff alleges J.R.H.'s onset date was September

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1, 1004. (Tr. 119). This application was denied initially and was denied again on reconsideration. (Tr. 60-68).

On June 2, 2010, Plaintiff requested an administrative hearing on her application. (Tr. 69-71). An administrative hearing was held on February 10, 2011 in El Dorado, Arkansas. (Tr. 27-59). Plaintiff was present and was represented by counsel, Theodore Stricker, at this hearing. *See id.* Plaintiff and J.R.H. testified at this hearing. *See id.* At the time of this hearing, J.R.H. was thirteen years old and was in the eighth grade. (Tr. 32).

On April 29, 2011, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for J.R.H. (Tr. 10-22). In this opinion, the ALJ determined J.R.H. was born on August 14, 1997, was a school-age child on July 22, 2009 (the date the application was filed), and was a school-age child on April 29, 2011 (the date of the ALJ's decision). (Tr. 13, Finding 1). The ALJ determined J.R.H. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision. (Tr. 13, Finding 2).

The ALJ determined J.R.H. had the following severe impairments: attention deficit hyperactivity disorder and depression. (Tr. 13, Finding 3). The ALJ, however, also determined the evidence did not establish J.R.H. had an impairment or a combination of impairments that were either listed in, or medically equivalent to, those listed in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 13, Finding 4).

The ALJ also evaluated the six functional domains and determined J.R.H. did not have an impairment or a combination of impairments that were functionally equivalent to the Listings. (Tr. 13-22, Finding 5). Specifically, the ALJ determined J.R.H. had a less than marked limitation in acquiring and using information, in attending and completing tasks, and in interacting and relating

with others. The ALJ also determined J.R.H. had no limitation in moving about and manipulating objects, in ability to care for himself, and in health and physical well-being. *See id.* The ALJ determined that because J.R.H. did not have an impairment or combination of impairments that resulted in either a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain of functioning, J.R.H.'s impairments or combination of impairments were not functionally equivalent to the Listings. (Tr. 22). Accordingly, the ALJ also determined J.R.H. was not disabled and had not been disabled at any time since July 22, 2009, the date Plaintiff filed J.R.H.'s application. (Tr. 22, Finding 6).

Plaintiff requested the Appeals Council review the ALJ's hearing decision and order. (Tr. 4-6). On September 2, 2011, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On October 19, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Plaintiff and Defendant have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2006, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in

substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3. Discussion:**

The parties do not dispute J.R.H. meets the disability requirements under Step One (J.R.H. has not engaged in SGA). Plaintiff, however, claims the ALJ erred at Step Two of the Analysis in finding J.R.H.'s mental impairments were not severe. Plaintiff also argues the ALJ erred in finding not disabled at Step Three of the Analysis. ECF No. 9, Pages 5-10.

This Court has considered all arguments raised in the parties' appeal briefs and has considered the transcript in J.R.H.'s case. ECF Nos. 9, 10. Based upon this review, this Court finds the ALJ's hearing decision dated April 29, 2011 is not supported by substantial evidence and should be reversed and remanded because the ALJ failed to properly evaluate J.R.H.'s alleged mental impairment.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental*

*Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, J.R.H. was assessed as having several GAF scores of 50 and below. On October 22, 2007, J.R.H. was seen at the South Arkansas Regional Health Center. (Tr. 189-192). He diagnosed with ADHD, combination type and given a GAF score of 50. (Tr. 189). J.R.H. returned to the South Arkansas Regional Health Center on October 10, 2008 and November 13, 2009 and was given a GAF score of 50 on each visit. (Tr. 186, 292). On December 9, 2009, J.R.H. was seen at the South Arkansas Youth Services and was diagnosed with ADHD, combination type and mood disorder. (Tr. 258-265). He was given a GAF score of 48. (Tr. 265). J.R.H. returned to South Arkansas Youth Services on March 9, 2010, June 1, 2010, November 29, 2010 and February 28, 2011 and received GAF scores of 48, 46, 46, and 46 respectively. (Tr. 245, 239, 359, 352). The ALJ did not discuss any of these low GAF scores in his opinion. (Tr. 10-22). It was the ALJ's responsibility to evaluate those scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707.

It is especially important that the ALJ address low GAF scores where, as in this case, J.R.H. has been diagnosed with attention deficit hyperactivity disorder and mood disorder. (Tr. 186, 239, 245, 265, 278, 352). When considering these facts, and because the ALJ did not evaluate J.R.H.'s low GAF scores, this case must be reversed and remanded for further evaluation of these scores.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[2]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

52 and 58.

**ENTERED** this **6th day of November 2012.**

                                                      /s/   Barry A. Bryant
                                                    HON. BARRY A. BRYANT
                                                    U.S. MAGISTRATE JUDGE